IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEFFREY L. WAGONER, <br> as Receiver for <br> MOON RIDGE FOODS, LLC <br><br> Plaintiff, <br><br> vs. <br><br> ALANIZ LAW AND ASSOCIATES, P.L.L.C. <br><br> SERVE: <br> Registered Agent Richard D. Alaniz, <br> 20333 State Hwy 249, Ste. 272 <br> Houston, TX 77070, <br><br> RICHARD D. ALANIZ <br><br> SERVE: <br><br> 20333 State Hwy 249, Ste. 272 <br> Houston, TX 77070 <br><br> and BRETT HOLUBECK <br><br> SERVE: <br> 910 Louisiana St Suite 4000 <br> Houston, TX 77002 <br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br> Case No. |

## COMPLAINT

Jeffrey L. Wagoner, solely as the limited receiver ("the Receiver" or the "Plaintiff") for Moon Ridge Foods, LLC (the "Receivership"), brings this action for legal malpractice against the law firm of Alaniz Law and Associates, P.L.L.C. ("Alaniz Law"),

Richard D. Alaniz ("Alaniz") and Brett Holubeck ("Holubeck, together with Alaniz and Alaniz Law, the "Attorneys").

**INTRODUCTION**

1. This case arises out of the Attorneys' malpractice in their role as counsel to Moon Ridge Foods, LLC ("Moon Ridge"). The Receivership is the successor-in-interest to Moon Ridge's WARN Act legal malpractice claim.

2. Moon Ridge was organized in the state of Missouri and operated a hog processing plant located at 5305 Highway H Pleasant Hope, MO 65725 (the "Facility").

3. Moon Ridge retained the Attorneys to provide legal advice and services in connection with the closure of the Facility in January 2018 and resulting employment loss of the Moon Ridge employees.

4. Because of the size of Moon Ridge and the breadth of the layoffs caused by the closing, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act") required that those communications contain certain information, otherwise, the layoffs would violate the WARN Act, and Moon Ridge would be subject to immense liability. Moon Ridge retained and relied on the Attorneys to prepare a legally compliant WARN Act notice to its employees. However, the WARN Act Notices prepared by the Attorneys did not comply with the WARN Act. As a direct consequence of the legally deficient WARN Act notice prepared by the Attorneys for Moon Ridge, and which Moon Ridge printed and distributed to its employees at the Attorneys' instruction, Moon Ridge violated the WARN Act and incurred a judgment against it in the amount of $1,288,715.71.

5. Dawn Morris, ("Morris") a former employee of Moon Ridge, brought suit in this court against Moon Ridge for violating the WARN Act, See *Morris v. Moon Ridge*, Case No. 18-cv-03219-SRB (W.D. Mo.) ("WARN Act Litigation").

6. The WARN Act Litigation was certified as a class action, with her as the representative of the other former terminated employees of Moon Ridge.

7. Morris, on behalf of herself and the class she represented ultimately prevailed in the WARN Act Litigation on a motion for summary judgment (attached as Exhibit A, "Summary Judgment Order"), and obtained a judgment in the amount of $1,288,715.71 against Moon Ridge. See Doc. 79 in *Morris v. Moon Ridge*, Case No. 18-cv-03219-SRB (W.D. Mo. May 12, 2020) (attached as Exhibit B, "Order Quantifying WARN Act Damages") and Doc. 85 in *Morris v. Moon Ridge*, Case No. 18-cv-03219-SRB (W.D. Mo. August 4, 2020) (attached as Exhibit C, "WARN Act Judgment").

8. The Court in the WARN Act Litigation held Moon Ridge liable because the WARN Act notice, prepared by the Attorneys and distributed by Moon Ridge at the Attorneys' instruction, was legally deficient. If the Attorneys had satisfied their professional standard of care and provided a legally compliant WARN Act notice for Moon Ridge to distribute to its employees, Moon Ridge would have prevailed in the WARN Act Litigation and would have no WARN Act liability.

9. By this lawsuit, the Receiver seeks to recover the amount of that judgment—damages that the Attorneys' negligence proximately caused.

## **THE PARTIES**

10. The Receiver was appointed by the Circuit Court of Polk County, Missouri in accordance with the Missouri Commercial Receivership Act, MCRA §§ 515.500 *et seq*. Pursuant to the Receivership, the legal malpractice cause of action belonging to Moon Ridge, vested in the Receivership.

11. Alaniz Law is a Texas law firm, formerly known during all or part of the time period relevant to the events complained of herein, as Cruickshank & Alaniz Law Firm,

with its principal place of business and sole location at 20333 State Hwy 249, Ste. 272 Houston, TX 77070.

12. Alaniz is an attorney, licensed and residing in the state of Texas.

13. Holubeck is an attorney, licensed and residing in the state of Texas.

## JURISDICTION AND VENUE

14. This court has jurisdiction to hear this case on diversity of citizenship pursuant to 28 U.S.C. §1332 as Plaintiff and the Attorneys are citizens of different states and the amount in controversy is in excess of $75,000.

15. Alaniz, the sole member of Alaniz Law, resides and is domiciled in Texas and is a citizen of Texas for diversity purposes.

16. Holubeck, resides and is domiciled in Texas and is a citizen of Texas for diversity purposes.

17. The Receiver was appointed by the Circuit Court of Polk County, Missouri in accordance with the Missouri Commercial Receivership Act ("MCRA") §§ 515.500 *et seq.* Therefore, the Receiver is a citizen of Missouri for diversity purposes.

18. This Court has personal jurisdiction over the Attorneys because the causes of action alleged herein arise from Defendants' tortious acts within Missouri, their engaging in business in Missouri and causing injury to persons or property within Missouri while engaged in solicitation and services within Missouri.

19. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to the Receiver's claims occurred in this district.

## FACTUAL BACKGROUND

### A. Moon Ridge Hires the Attorneys

20. Before being placed into receivership in the Circuit Court of Polk County, Missouri, Moon Ridge operated the Facility in Pleasant Hope, Missouri.

21. Before being placed into receivership, Moon Ridge retained the Attorneys as Moon Ridge's counsel.

22. During January 2018, the Attorneys provided labor and employment law advice and services to Moon Ridge.

23. On or about January 9 or 10, 2018, Phil Gatto, CEO of Moon Ridge ("Gatto") and Pamela Johnson, head of Human Resources at Moon Ridge ("Johnson") contacted the Attorneys concerning the upcoming closure of the Facility that week and resulting employment loss of the Moon Ridge employees and asked the Attorneys to draft and provide Moon Ridge with a WARN Act notice for its employees as well as a WARN Act notice to the State of Missouri.

24. The Attorneys agreed to draft and provide WARN Act-compliant notices for Moon Ridge to distribute to its employees and to the Division of Workforce Development Missouri Department of Economic Development.

### B. The Attorneys Give Deficient Advice and Legally Deficient WARN Notice to Moon Ridge

25. On or about January 11, 2018, the Attorneys drafted and provided Moon Ridge a notice to print, with instructions to distribute the notice to all employees (attached as Exhibit D, the "Employee Notice")

26. On or about January 11, 2018, Attorneys also provided a notice titled "WARN Act Notice" to Moon Ridge to be printed and sent via overnight mail to the Division of

Workforce Development Missouri Department of Economic Development (the "State Notice" and collectively with the Employee Notice, the "WARN Notices").

27. The State Notice drafted by the Attorneys reads in part "In total 240 employees will be laid off".

28. Through communications with Moon Ridge and as evidenced by the State Notice, the Attorneys knew that: (a) Moon Ridge had more than 100 employees and (b) Moon Ridge planned on laying off all or practically all of its employees within a day or two.

29. The Attorneys knew or should have known that Moon Ridge was subject to the WARN Act and knew or should have known that Moon Ridge's plan to layoff 240 employees was going to violate the WARN Act unless Moon Ridge gave those employees sufficient and legally compliant written WARN Act notice of the impending layoffs.

30. Compliance with the WARN Act is a fundamental consideration for labor and employment counsel like the Attorneys.

31. The Attorneys tout themselves as highly qualified in the field of labor and employment law.

32. The Attorneys collectively have claimed to have over forty years of experience.

33. Alaniz Law has claimed on its website "We do one thing and we do it well. We only practice labor law and employment law."

34. The Attorneys were asked and agreed to draft and provide WARN Act-compliant notices for Moon Ridge to distribute to its employees and to the Division of Workforce Development Missouri Department of Economic Development. However, the Employee Notice prepared by the Attorneys and provided to Moon Ridge for distribution to employees was legally deficient.

35. The Attorneys, in providing Moon Ridge the legally deficient Employee Notice, did not demonstrate the skill and diligence ordinarily exhibited by well-informed members of the legal profession and were thus negligent.

36. As a result, Moon Ridge had a judgment entered against it in the WARN Act Litigation in the amount of $1,288,715.71, which the Attorneys' negligence proximately caused.

37. If the Attorneys had satisfied their professional standard of care and provided a legally compliant WARN Act notice for Moon Ridge to distribute to its employees, Moon Ridge would have prevailed in the WARN Act Litigation and would have no WARN Act liability.

### C. The Attorneys' Malpractice Creates Over $1.2 Million of Liability.

38. On July 17, 2018, and as amended on June 7, 2019, Morris initiated the WARN Act Litigation by filing a *Class Action Complaint* and Jury Demand on her own behalf and on behalf of each putative Class member, against Moon Ridge alleging that their terminations violated the WARN Act.

39. On September 4, 2019, the Court in the WARN Act Litigation granted Morris' motion for Class certification.

40. On March 19, 2020, the Court in the WARN Act Litigation granted Morris' motion for summary judgment as to the liability of Moon Ridge.

41. On August 4, 2020, the clerk's judgment to Morris and the Class was entered in the amount of $1,288,715.71.

42. The WARN Act's "faltering company" exception permits an employer to order a plant closing less than sixty days after giving notice if "the employer was actively seeking capital or business which, if obtained, would have enabled the employer to avoid or

7

postpone the shutdown and the employer reasonably and in good faith believed that giving the notice required would have precluded the employer from obtaining the needed capital or business." 29 U.S.C. § 2102(b)(1). The WARN Act's "unforeseeable business circumstances" exception permits an employer to order a plant closing or mass layoff less than sixty days after giving notice "if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." § 2102(b)(2)(A). An employer relying on § 2101(b)(1) or § 2102(b)(2)(A) as justification for providing less than sixty days' notice "shall give as much notice as is practicable and at that time shall give a brief statement of the basis for reducing the notification period." 29 U.S.C. § 2102(b)(3).

43. The Court in the WARN Act Litigation held that the reduced-notice provisions described above were categorically unavailable to Moon Ridge as a matter of law since Moon Ridge's notice was "legally deficient." See, Ex. A, at 5-6.

44. The only notice Moon Ridge provided to its employees prior to closing the Facility was the Employee Notice, attached as Exhibit D, which contains the following sentence "Greater notice was not possible due to economic circumstances."

45. In ruling for Morris on her summary judgment motion, the Court in the WARN Act Litigation found that this "factually-devoid sentence" (i.e., "Greater notice was not possible due to economic circumstances.") in the Employee Notice, attached as Exhibit D hereto, "does not constitute the 'brief statement of the basis for reducing the notification period' required by § 2102(b)(3)".

46. The Attorneys did not demonstrate the skill and diligence ordinarily exhibited by well-informed members of the legal profession in drafting and providing Moon Ridge the "legally deficient" Employee Notice for Moon Ridge to distribute to its employees. As

a direct result of the Attorneys' negligence, Moon Ridge violated the WARN Act and could not avail itself of any reduced notice provisions under 29 U.S.C. § 2102(b).

47. Further, as a direct and proximate result of the Attorneys' negligence and failure to satisfy their professional standard of care in drafting and providing Moon Ridge the "legally deficient" Employee Notice for Moon Ridge to distribute to its employees, Moon Ridge incurred substantial liability that would not have existed but for the Attorneys' negligence.

48. Had the Attorneys provided Moon Ridge with a legally sufficient Employee Notice for Moon Ridge to issue to its employees, Moon Ridge would have issued it, and Moon Ridge would have been able to invoke the "faltering company" and/or the "unforeseeable business circumstances" exceptions to the 60-day notice requirement—either of which would have caused Moon Ridge to prevail in the WARN Act Litigation and would have resulted in no WARN Act liability for Moon Ridge.

## CAUSE OF ACTION

### Legal Malpractice

49. The Receiver re-alleges and incorporates by reference all of the allegations in each of the paragraphs above, as if fully set forth herein.

50. The Attorneys were retained as legal counsel by Moon Ridge prior to January 11, 2018.

51. The Attorneys began providing legal services pertaining to the plant closure prior to January 11, 2018.

52. As Moon Ridge's legal counsel, the Attorneys owed Moon Ridge a duty to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful lawyer.

53. Additionally, the Attorneys owed Moon Ridge a heighted duty of care, above that of the average practitioner in similar circumstances, because the Attorneys portrayed themselves as highly experienced in the fields of labor and employment.

54. The Attorneys owed a duty to Moon Ridge to demonstrate the skill and diligence ordinarily exhibited by well-informed members of the legal profession, which under the circumstances of this matter, necessarily included providing Moon Ridge with a legally compliant Employee Notice.

55. The Attorneys breached their duties to Moon Ridge by providing Moon Ridge with a legally deficient Employee Notice, which the Attorneys then instructed Moon Ridge to distribute to its employees.

56. As alleged herein, and as a direct and proximate result of the Attorneys' failure to demonstrate the skill and diligence ordinarily exhibited by well-informed members of the legal profession, Moon Ridge, suffered an adverse judgment in the WARN Act Litigation in the amount of $1,288,715.71.

57. Accordingly, the Receiver seeks to recover these damages from the Attorneys.

## TOLLING OF LIMITATIONS

58. Under Missouri law, these damages were not incurred, and therefore Moon Ridge's claim did not accrue, until the WARN Act Litigation was fully adjudicated in August 2020. The five-year statute of limitations applicable to the Receiver's claim began running at that time. *See Missouri Statute Section* 516.100-516.120 *RSMo*.

## JURY DEMAND

59. The Receiver demands a trial by jury on all issues.

## PRAYER

10

Case 6:22-cv-03084-JAM   Document 1   Filed 04/05/22   Page 10 of 11

60. WHEREFORE, the Receiver respectfully requests that the Court enter judgment in his favor and against the Attorneys as follows:

(a) awarding compensatory, consequential, and/or monetary damages in the amount of $1,288,715.71 related to the WARN Act Litigation;

(b) awarding pre-judgment and post-judgment interest at the maximum rate permitted by law or equity; and;

(c) granting all other relief to which the Receiver is entitled.

Dated: April 5, 2022　　　　　　　　　　　　Respectfully Submitted,

/s/ Errin P. Stowell
Errin P. Stowell, MO Bar #70499
WM LAW,
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909
Fax (913) 428-8549
stowell@wagonergroup.com


LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street
8th Floor
New York, NY 10007
Phone: (212) 581-5005

THE GARDNER FIRM, PC
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street, Suite 103
Mobile, Alabama 36602
Phone: (251) 433-8100
Fax: (251) 433-8181


*Attorneys for the Receiver*