# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY L. WAGONER, RECEIVER FOR MOON RIDGE FOODS, INC.; | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 6:22-cv-03084-RK ) ) |
| ALANIZ LAW AND ASSOCIATES,, RICHARD D. ALANIZ, BRETT HOLUBECK, | ) ) ) ) |
| Defendants. | ) ) |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER
## FOR DEFENDANTS' CONFIDENTIAL FINANCIAL MATERIAL

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order") concerning Defendants' Confidential Financial Material. After careful consideration, it is hereby **ORDERED** as follows:

1. On or about April 05, 2022, Plaintiff commenced this action by filing a Complaint against Defendants.

2. Upon the filing of the Complaint, the Court assigned this action to the "Outside Mediator" category of the Court's Mediation and Assessment Program. (Doc. 2.) As part of the "Outside Mediator" assignment, the parties have fourteen (14) days after their Rule 26 conference to select an Outside Mediator, schedule a mediation, and file a Designation of Mediator. *Id.* The mediation must occur no later than 75 calendar days after the Rule 26 Meeting. *Id.*

3. In anticipation of the mediation, and in the good-faith interest of resolving this case consistent with the spirit and purpose of the MAP General Order, Defendants agree to voluntarily disclose certain, personal financial material to Plaintiff that is sensitive, non-public, and highly confidential. ("Defendants' Confidential Financial Material").

4. Defendants agree to voluntarily produce Defendants' Confidential Financial Material for the exclusive review of Plaintiff. For purposes of this Protective Order, "Plaintiff" shall include:

   a. Plaintiff and Plaintiff's counsel of record, as well as any other counsel, support personnel, consultant, employee, or agent of Plaintiff and Plaintiff's counsel of record who is assisting Plaintiff's Counsel of Record and/or Plaintiff in connection with litigating this case;

   b. Any mediator or third-party appointed by the Court or jointly selected by Plaintiff and Defendants for purpose of resolving the underlying action, including staff and the MAP Director (to whom communication about such information shall be permitted consistent with the provisions of the MAP General Order) and,

   c. Any other person or entity that receive the written consent of Defendants' counsel.

5. Plaintiff and Defendants agree and acknowledge that Defendants' Confidential Financial Material contains the sensitive, non-public, and highly confidential personal information of Defendants. As such, Defendants' Confidential Financial Material shall be conspicuously marked in accordance with that designation.

6. If Plaintiff learns of any unauthorized disclosure of Defendants' Confidential Financial Material, the Plaintiff shall immediately, upon learning of such disclosure, inform Defendants' Confidential Financial Material of the pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

7. Defendants intend to produce Defendants' Confidential Financial Material to Plaintiff in "read-only" digital format.

8. Plaintiff agrees to never to disseminate, distribute, disclose, divulge, or otherwise make available Defendants' Confidential Financial Material or any portion or summary thereof to any person that is not identified in Paragraph No. 4 and the subparagraphs thereto.

9. Plaintiff and Defendants agree that Defendants intend for the Defendants' Confidential Financial Material to be viewed by Plaintiff solely for purposes of evaluating this case for settlement and/or mediation. Accordingly, Defendants do not waive any objections regarding the relevancy or admissibility of this evidence in any court proceedings. In the event that a party believes that Defendants' Confidential Financial Material (or any portion thereof) may be used or referenced during the litigation (including, but not limited to, written discovery, motion practice, depositions, or trial) said party shall provide written notice to the opposing party advising that the party intends to seek court approval for the use of the information, and the parties must meet and confer in good faith and otherwise fully comply with Local Rule 37.1 and Judge Ketchmark's discovery dispute protocol, which can be found on her website.

10. Not later than 60 days after conclusion of this litigation and any appeal related to it, any Defendants' Confidential Financial Material, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 4 shall, at the option of the returning party, be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain archival copies.

11. The parties may, by stipulation, provide for exceptions to this Protective Order, and this Protective Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter.

12. The court's jurisdiction to enforce the provisions of this Protective Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**IT IS SO ORDERED**.

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
                                                UNITED STATES DISTRICT COURT

DATED: June 1, 2022